# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Steven J. Bank,<br><br>    Plaintiff,<br><br>v.<br><br>Loren K Miller,<br><br>    Defendant. | Case No. 2:21-cv-00122-GMN-BNW<br><br>**ORDER** |

Pro se plaintiff Steven Bank filed documents initiating this case on January 20, 2021. (ECF No. 1.) Plaintiff submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. (ECF No. 4.) Accordingly, the court will grant his request to proceed *in forma pauperis*. The court now screens Plaintiff's complaint.

**I.     ANALYSIS**

  **A.  Screening standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only

dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B.  Screening the Complaint**

Plaintiff seems to be suing the United States Citizenship and Immigration Services and Lorem K. Miller, the Director of the Nebraska Center. (ECF No. 1-1.)

In Plaintiff's initial statement of his claim, he alleges this claim arises "our of a denial for a replacement certificate of citizenship." (*Id.* at 2.) The complaint provides a detailed historical background regarding his family and his personal life. It is only in the complaint's conclusion that Plaintiff re-visits the reason he filed this case. He explains that he is suing because the defendants were negligent and have "constructively stripped" him of his citizenship. (*Id.* at 6.)

Even liberally construing Plaintiff's complaint, the Court is unable to determine exactly what claims Plaintiff is attempting to allege against which defendants and cannot evaluate whether Plaintiff states any claims for relief. Specifically, it is not clear whether his claim is geared toward the failure to replace the citizenship certificate or if he is disputing whether he is in—in fact—a citizen. Accordingly, the Court will dismiss Plaintiff's complaint without prejudice and with leave to amend.

**C. Instructions for Amendment**

Plaintiff is advised that all defendants must be identified in the caption of the pleading and that he must specify which claims he is alleging against which defendants. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, Plaintiff still must give defendants fair notice of each of the claims he is alleging against each defendant. Specifically, he must allege facts showing how each named defendant is involved and the approximate dates of their involvement.

Plaintiff is also advised that if he chooses to file an amended complaint, the original complaint no longer serves any function in this case. As such, if he files an amended complaint, each claim and the involvement of each defendant must be alleged sufficiently. The court cannot refer to a prior pleading or to other documents to make his amended complaint complete. The amended complaint must be complete in and of itself without reference to prior pleadings or to other documents.

**II.  CONCLUSION**

IT IS THEREFORE ORDERED that Plaintiff's motion to proceed *in forma pauperis* (ECF No. 4) is GRANTED.

IT IS FURTHER ORDERED that the clerk of court must detach and separately file Plaintiff's complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that Plaintiff's complaint be dismissed with leave to amend.

IT IS FURTHER ORDERED that if Plaintiff files an amended complaint, he must do so by April 30, 2021. If Plaintiff does not file an amended complaint by this date, this Court may recommend to the district judge that this case be dismissed.

DATED: April 2, 2021.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE